JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
POSTELL, MARC

**DEFENDANTS**
CITY OF PHILADELPHIA

(b) County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC, 1845 Walnut Street, Ste. 2300, Phila. PA 19103 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- [X] 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. 1983

Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 250,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____________ DOCKET NUMBER ____________

DATE: 3/28/11

SIGNATURE OF ATTORNEY OF RECORD: [signature]
Patrick G. Geckle, Esquire

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARC POSTELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| March 28, 2011 | Patrick G. Geckle | Marc Postell |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-735-4712 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 6430 Saybrook Avenue, Philadelphia, PA 19142

Address of Defendant: Claims Unit, One Parkway Bldg., 1515 Arch Street, 14th Floor, Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction: 6400 block of Saybrook Avenue, Philadelphia, PA 19134

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Patrick G. Geckle, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/28/11 [signature] 26718

Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 3/28/11 [signature] 26718

Attorney-at-Law Attorney I.D.#

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC POSTELL<br>6430 Saybrook Avenue<br>Philadelphia, PA 19142<br><br>vs.<br><br>CITY OF PHILADELPHIA<br>c/o city of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>and<br>POLICE OFFICER KALIV IVY<br>BADGE NUMBER 1692<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>and<br>POLICE OFFICER HOLCOLMB<br>BADGE NUMBER<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>and<br>POLICE OFFICER JOHN DOE<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>Attorney ID # 26718 |

**COMPLAINT**

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1),

(3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff, March Postell, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Police Officer Ivy, Police Officer Holcolmb and Police Officer John Doe.

4. Defendant, Police Officer Kaliv Ivy, Badge Number 1692, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

5. Defendant, Police Officer Holcolmb, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

6. Defendant, Police Officer John Doe, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

7. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Marc Postell of his constitutional and statutory rights.

**Factual Allegations**

8. On or about May 1, 2010, Plaintiff, Marc Postell, was lawfully operating his motor vehicle in the 6400 block of Saybrook Avenue in Philadelphia, Pennsylvania. While on Saybrook Avenue, he noticed two marked Philadelphia police patrol cars blocking the travel portion of Saybrook Avenue. Standing nearby one of the police vehicles was Defendant Police Officer Kaliv Ivy.

9. Plaintiff Postell stopped his vehicle, leaned out of the driver's side window, and inquired of Defendant Ivy if the police vehicles were going to be there for a while. He further inquired "Should I wait or should I just back up and find another parking spot?"

10. In reply to Plaintiff's inquiry Defendant Ivy replied "I don't care what the fuck you do. I'm not here to direct traffic." In reply to Officer Ivy's rude and sarcastic comments, Plaintiff replied sarcastically "Well, thanks a lot. You guys are supposed to be here to help."

11. At that point, Officer Ivy walked over to the Plaintiff and said to him "I know how to help you." Officer Ivy then proceeded to write out a parking ticket and gave it to the Plaintiff.

12. After receiving the parking ticket, Plaintiff Postell then proceeded to back his car out on to 65th Street and parked his vehicle. He returned to where Officer Ivy was standing and requested Officer Ivy's badge number. At the request for his badge number, Officer Ivy became enraged and stated to Plaintiff "That's a bitch ass thing to do."

13. Plaintiff proceeded to walk towards his home located at 6430 Saybrook Avenue and muttered towards Officer Ivy "kiss my ass."

14. Upon hearing Plaintiff's comment, Officer Ivy ran over to the Plaintiff, grabbed him by the collar and ran him forcibly into a wall, banging Plaintiff's head and face against the wall, choked him and then threw him against the wall again. While this was going on, Plaintiff reached for his cell phone and began trying to record what was going on. However, Officer Ivy, upon seeing the cell phone, struck Plaintiff forcibly in his hand knocking the cell phone to the ground. During this entire encounter between Plaintiff Postell and Defendant Ivy, Philadelphia Police Officer John Doe A was standing nearby and, rather than intervene and prevent the vicious attack on the Plaintiff by Officer Ivy, stood by laughing.

15. A short time thereafter, Plaintiff made the short walk to the 12th District Headquarters hoping to make a report concerning his encounter with Officer Ivy.

16. While Plaintiff was at the front desk requesting to make a complaint about Officer Ivy's behavior, another Philadelphia police officer, Officer Holcolmb, upon being told by Plaintiff why he was there, told the Plaintiff to "Get the fuck out of my district before I lock you up."

17. Upon being denied his right to make a complaint by Officer Holcolmb and being in fear that he was going to be arrested for attempting to exercise his constitutional rights, Plaintiff left the 12th District and returned home.

18. A short time thereafter, Plaintiff left his home and was heading towards his car parked on 65th Street. He saw Officer Ivy waving and gesturing for Plaintiff to come to see him.

19. Plaintiff did walk over towards Officer Ivy and when he got close to Officer Ivy, Officer Ivy grabbed Plaintiff, handcuffed him and escorted him back inside the 12th District Headquarters.

20. He placed Plaintiff in a holding cell, took the handcuffs off and then proceed to attack the Plaintiff. More specifically, Officer Ivy punched the Plaintiff in the stomach and face, banged him against the wall, continued to punch him multiple times in the rib and stomach. Finally, Plaintiff fell to the ground at which point Officer Ivy then proceeded to kick him in his stomach and ribs approximately ten times. After the brutal and vicious attack, Officer Ivy

again applied handcuffs to the Plaintiff.

21. As a result of Defendant Police Officer Ivy's physical assault and battery on Plaintiff, Marc Postell, Marc Postell sustained a 1 cm abrasion over left forehead, 4 cm abrasion over left neck, injuries to his right thumb, right knee, left wrist, left shoulder, headaches, cervical spine strain and sprain, thoracic spine strain and sprain, lumbar spine strain and sprain, right hand strain and sprain, scarring about the forehead, and post traumatic anxiety reaction.

22. As a direct and proximate result of the actions of all Defendants, Plaintiff, Marc Postell, suffered and continues to suffer physical and psychological harm, pain and suffering, some of all which may be permanent as well as financial losses.

23. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff Marc Postell's constitutional rights by subjecting him to unreasonable force.

**FIRST CAUSE OF ACTION**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the instant Complaint.

25. As a direct and proximate result of all of the Defendants' conduct, committed under color of state law, Plaintiff, Marc Postell, was deprived of his right to be free from unreasonable and excessive force, to be secure in his

person and property and to due process of law. As a result, Plaintiff, Marc Postell, suffered and continues to suffer harm in violation of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

26. As a direct and proximate result of the acts of all Defendants, Plaintiff, Marc Postell, sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

27. Defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The use of unreasonable force and excessive force by police officer;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, and violation of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

c. The monitoring of officers whom it knew or should have known were suffering from emotional

and/or psychological problems that impaired their ability to function as officers;

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the use of excessive force to achieve ends not reasonably related to the police duties;

f. Police officers' use of retaliate against citizens whose civil rights were violated by these very same reporting officers or illegitimate for other reasons and ends personal to the officer;

g. Police officers' use of the authority and power of their office for personal ends and to intimidate, coerce, and threaten citizens merely because citizens expressed an intent to contest the perceived misconduct of the officers; and

h. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force under such circumstances as presented herein.

28. The City of Philadelphia failed to properly sanction

or discipline officers, who were aware of and conceal and/or aid violations of constitutional rights of citizens that other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as Marc Postell.

29. Defendants have by the above described actions deprived Plaintiff, Marc Postell, of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION**
**SUPPLEMENTAL STATE CLAIMS**

30. Plaintiff incorporates by reference paragraphs 1 through 31 of the instant Complaint.

31. The acts of the individual Defendants in this cause of action constitute assault, battery, unreasonable force, use of excessive force, intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: ______________________

Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff